# Exhibit A



CLERK OF THE
DISTRICT COURT
KRISTIE LEE BOELTER

2016 MAY 5 PM 2 56

FILED

BY _____

DEPUTY

1   MOYERS LAW P.C.
    Jon M. Moyers
2   490 N. 31 St., Suite 101
    Billings, Montana 59101
3   Telephone: (406) 655-4900
    Facsimile: (406) 655-4905
4   jon@jmoyerslaw.com

5
    PAUL WARREN LAW, PLLC
6   Paul Warren
    Elinor Swanson
7   490 N. 31st Street, Suite 101
    Billings, Montana 59101
8   Telephone: (406) 698-8413
    paul@paulwarrenlaw.com
9   ellie@paulwarrenlaw.com

10
11  Attorneys for Plaintiffs

12          MONTANA THIRTEENTH JUDICIAL DISTRICT COURT,
13                         YELLOWSTONE COUNTY

14  TYRONE MOE, JAMES GREGG, and          )
    JOANNE DORNAN,                        )
15                                        )
                                          )
16                                        )   Cause No. DV  DV  16 - 063 2
                                          )
17                    Plaintiffs,         )   JUDGE    GREGORY R. TODD
                                          )
18          v.                            )
                                          )   COMPLAINT AND REQUEST FOR
19  VOLKSWAGEN AG, VOLKSWAGEN             )   JURY TRIAL
    GROUP OF AMERICA, INC.,               )
20  VOLKSWAGEN OF AMERICA, ROBERT         )
    BOSCH GMBH, and ROBERT BOSCH LLC,     )       120/122 746
21                                        )
22                    Defendants.         )

23          COMPLAINT AND REQUEST FOR JURY TRIAL

24          COMES NOW Plaintiffs Tyrone Moe, James Gregg, and Joanne Dornan, by and

25  through the undersigned counsel of MOYERS LAW PC and PAUL WARREN LAW, PLLC,

26  hereby state and allege as follows:

27
28

## PARTIES TO THE ACTION

1. Plaintiff Tyrone Moe has, at all times relevant to this action, been a resident of Yellowstone County, Montana, residing at 503 Inlay Circle, Billings, Montana 59101.

2. Plaintiff James Gregg has, at all times relevant to this action, been a resident of Yellowstone County, Montana, residing in Billings, Montana.

3. Plaintiff Joanne Dornan has, at all time relevant to this action, been a resident of Gallatin County, Montana, residing at 518 South 3rd Avenue, Bozeman, Montana 59715.

4. Plaintiffs Tyrone Moe and Jim Gregg each purchased a diesel VW vehicle within the State of Montana.

5. Plaintiff Joanne Dornan purchased a diesel VW vehicle outside the State of Montana.

6. All Defendants enumerated below have, at all times relevant to this action, been working as co-conspirators in concert under the common objective to engage in the emissions scheme described in this complaint. Each were and are the agents of each other and have acted and act for common goals and profit. Therefore, all acts and knowledge ascribed to one of the Defendants is properly imputed to the others.

7. Defendant Volkswagen Aktiengesellschaft, doing business as Volkswagen Group and/or Volkswagen AG ("Volkswagen AG"), has its principal place of business at Berliner Ring 2, 38440 Wolfsburg, Germany. Volkswagen AG is a corporation organized under the laws of Germany and is the parent corporation of the Volkswagen Group of America, Inc. and Volkswagen of America, Inc., subsidiary Defendants.

8. Defendant Volkswagen Group of America, Inc., Volkswagen's wholly-owned

Complaint and Request for Jury Trial
Page 2 of 29

**PAUL WARREN LAW, PLLC**
Paul Warren and Elinor Swanson
490 N. 31st St., Ste. 101
Billings, MT 59101
(406) 294-2300

U.S. subsidiary, is a corporation doing business in Montana and is organized under the laws of the State of New Jersey, with its principal place of business located at 2200 Ferdinand Porsche Drive, Herndon, Virginia 20171.

9.     Defendant Volkswagen of America, Inc., Volkswagen's wholly-owned U.S. subsidiary, is a corporation doing business in Montana and is organized under the laws of the State of New Jersey, with its principal place of business located at 2200 Ferdinand Porsche Drive, Herndon, Virginia 20171.

10.     Defendants Volkswagen AG, Volkswagen Group of America, Inc., and Volkswagen of America, Inc., hereinafter referred to collectively as "Volkswagen" or "VW."

11.     Defendant Robert Bosch GmbH is a German multinational engineering and electronics company headquartered in Stuttgart, Germany.

12.     Defendant Robert Bosch LLC is Robert Bosch GmbH's subsidiary and a corporation doing business in Montana and is organized under the laws of the State of New Jersey, having its principal place of business located at 38000 Hills Tech Drive, Farmington Hills, Michigan 48331.

13.     Defendants Robert Bosch GmbH and Robert Bosch LLC are hereinafter referred to collectively as "Bosch."

14.     At all times relevant to this action, VW and/or its parents, affiliates, and agents, in conjunction with Bosch and/or its parents, affiliates, and agents, manufactured, distributed, sold, leased, warranted, advertised, and promoted vehicles with fraudulently low nitrogen oxide ("NOx") and/or carbon oxide ("COx") emissions ratings under the VW brand name throughout the United States, including Montana.  In part, Bosch supplied defeat device

Complaint and Request for Jury Trial
Page 3 of 29

**PAUL WARREN LAW, PLLC**
Paul Warren and Elinor Swanson
490 N. 31st St., Ste. 101
Billings, MT 59101
(406) 294-2300

component/s and/or software to VW, which was installed in certain fraudulent emissions systems.

15.     Defendants were provided notice of these issues by their knowledge of pertinent information, prior complaints filed against them and/or others, and internal investigations.

## JURISDICTION AND VENUE

16.     This Court has jurisdiction over the parties and subject matter presented herein. Mont. Rules Civ. Proc. ("MRCP") 4B; Mont. Code Ann. ("MCA") § 3–5–302.

17.     Venue is proper in Yellowstone County.  MCA § 25–2–122(2).

## FACTS COMMON TO THESE CAUSES OF ACTION

18.     Plaintiffs herein reallege and incorporate by reference all preceding statements and allegations as though fully set forth herein.

19.     Unbeknownst to Plaintiffs at the time of their purchases, VW and Bosch intentionally and knowingly manufactured and sold diesel and gas cars with higher levels of carbon oxides ("COx") and/or nitrogen oxides ("NOx") emissions than what was certified to the EPA, and higher levels than permitted by state and federal regulations

20.     Unknown to Plaintiffs at the time of their purchases, VW and Bosch outfitted Plaintiffs' VW Clean Diesel vehicles with a defeat device specifically intended to fraudulently mislead regulators and consumers and to bypass federal and state emissions requirements.

21.     VW and Bosch fraudulently concealed and misrepresented the true NOx and COx emissions levels of VW vehicles, and intentionally withheld information within their knowledge to purchasers, including Plaintiffs, and federal and state authorities.

Complaint and Request for Jury Trial
Page 4 of 29

**PAUL WARREN LAW, PLLC**
Paul Warren and Elinor Swanson
490 N. 31st St., Ste. 101
Billings, MT 59101
(406) 294-2300

22.     VW and Bosch violated federal and state laws, defrauded and caused losses to VW purchasers, including Plaintiffs, damaged and have continued to damage the VW and Bosch brands, and have caused the death of dozens of people in the United States, degrading the health of many more.

23.     VW fraudulently marketed itself as a leader in environmental issues in order to improve sales in the United States, and fraudulently marketed VW Clean Diesel vehicles as clean, efficient, and environmentally friendly.

24.     VW and Bosch knew of potential issues in 2006, and likely earlier, but failed to disclose those material facts to prospective purchasers, including Plaintiffs.

25.     VW's and Bosch's willingness to use unlawful competitive methods, including noncompliance with state and federal laws and regulations, is part of VW's and Bosch's corporate culture.

26.     VW admitted illegal misconduct before Congress and in press conferences.

27.     Even after VW admitted illegal misconduct, VW and Bosch have concealed that illegal misconduct, concealed the true, decreased value of Plaintiffs' affected VW vehicles, falsely marketed themselves as honest and environmentally friendly, and continued to deceive customers and the public though false recalls, false fixes, and false advertising.

28.     VW and Bosch have falsely represented, and continue to falsely represent, to consumers and regulators that VW vehicles are environmentally friendly and comply with federal and state NOx and/or COx emissions standards, and that VW and Bosch were and are reputable manufacturers whose representations can be trusted.

29.     VW and Bosch knowingly, affirmatively, and actively concealed the true nature,

Complaint and Request for Jury Trial
Page 5 of 29



**PAUL WARREN LAW, PLLC**
Paul Warren and Elinor Swanson
490 N. 31st St., Ste. 101
Billings, MT 59101
(406) 294-2300

quality, and character of the emissions systems and emissions of Plaintiffs' affected vehicles.

30.    VW and Bosch were under a continuous duty to disclose their illegal misconduct to Plaintiffs.

31.    VW and Bosch knew that if it was discovered that they had engaged in these practices, potential purchasers, including Plaintiffs, either would not have purchased those Clean Diesel VW vehicles or would have paid a substantially reduced amount.

32.    VW and Bosch manipulated the market by false statements that hid their illegal misconduct and intentionally deceived VW purchasers, including Plaintiffs; Plaintiffs relied on those statements, to their detriment.

33.    Even through the exercise of reasonable diligence, Plaintiffs could not have discovered the nature of VW's and Bosch's misconduct.

34.    As a result of VW's and Bosch's unfair, deceptive, and/or fraudulent business practices, the Bosch-VW conspiracy, and other violations of state and federal laws:

  a.  Plaintiffs were fraudulently induced to purchase diesel VW vehicles illegally outfitted with Bosch defeat devices, without their consent, and, for some Plaintiffs, contrary to the fundamental purpose of the bargain due to those Plaintiffs' specific goal of obtaining a low emissions vehicle;

  b.  Plaintiffs unwittingly and unwillingly participated in discharging illegally high levels of harmful toxins and in decreasing air quality;

  c.  Plaintiffs suffered losses in money and/or property, including a substantial decline in the market value of their VW diesel vehicles; and

  d.  Plaintiffs may continue to suffer losses in money and/or property, as VW's and

Complaint and Request for Jury Trial
Page 6 of 29

PAUL WARREN LAW, PLLC
Paul Warren and Elinor Swanson
490 N. 31st St., Ste. 101
Billings, MT 59101
(406) 294-2300

Bosch's reputation, the VW and Bosch brands, and VW diesel values may continue to decline.

35.     The timing and magnitude of the declines in the prices and valuation of VW diesel vehicles negates any inferences that the losses suffered by Plaintiffs were caused by changed market conditions, macroeconomic factors, or company-specific facts unrelated to VW and Bosch illegal misconduct.

36.     VW and Bosch have partially masked the decline in VW diesel vehicle valuation and resale prices and the decline in VW and Bosch brand value, for example with dealer rebates to current VW diesel owners.

37.     Had Plaintiffs known of Defendants' illegal misconduct at the time they purchased their VW- and Bosch-made diesel vehicles, including the presence of the defeat device, they would have paid substantially less or would not have purchased those vehicles at all.

COUNT I – FRAUD BY CONCEALMENT PURSUANT TO MONTANA LAW

38.     Plaintiffs reallege and incorporate by reference all preceding statements and allegations as though fully set forth herein.

39.     Defendants intentionally concealed and suppressed material facts concerning the quality and character of Plaintiffs' diesel VW vehicles.

40.     Plaintiffs reasonably relied upon Defendants' false representations regarding the VW brand and VW vehicles when evaluating the market value of their VW diesel vehicles and when deciding whether to purchase them. They had no way of knowing that Defendants' representations were false and gravely misleading.   Defendants employed extremely

PAUL WARREN LAW, PLLC
Paul Warren and Elinor Swanson
490 N. 31st St., Ste. 101
Billings, MT 59101
(406) 294-2300

1  sophisticated methods of deception, such that consumers, including Plaintiffs, did not, and

2  could not, unravel Defendants' deception on their own.

3      41.    Defendants also took steps to ensure that employees did not reveal the details of

4  their deception to regulators or consumers, including Plaintiffs, in order to successfully

5  misrepresent the reputation of the VW brand and the quality of VW vehicles.

6      42.    Defendants' false representations were material to Plaintiffs, both because these

7  misrepresentations concerned the quality of VW affected vehicles, and also because they

8  played a significant role in assessing the value of the VW brand and all VW vehicles.

9      43.    Defendants knew that customers like Plaintiffs who purchased the affected

10  vehicles highly valued the "clean" nature of the vehicles they were purchasing, and

11  accordingly paid a premium for fraudulently misrepresented high emissions vehicles.

12      44.    Defendants had a continuing duty to disclose the emissions deception to

13  Plaintiffs, because: (1) knowledge of the deception and its details were known and accessible

14  only to Defendants; (2) Defendants had exclusive knowledge as to the implementation and

15  maintenance of their deception; and (3) Defendants knew the facts surrounding the deception

16  were unknown to and unable to be reasonably discovered by Plaintiffs.

17      45.    Defendants also had a duty to disclose the emissions deception to Plaintiffs

18  because Defendants had a contractual relationship with each Plaintiff.

19      46.    Defendants also had a duty to disclose the emissions deception because

20  Defendants made general affirmative representations about the quality of the VW brand, VW

21  emissions standards, and the nature of Plaintiffs' vehicles. Such references were misleading,

22  deceptive, incomplete without the disclosure of the additional facts regarding the actual

23

Complaint and Request for Jury Trial
Page 8 of 29

PAUL WARREN LAW, PLLC
Paul Warren and Elinor Swanson
490 N. 31st St., Ste. 101
Billings, MT 59101
(406) 294-2300

1  emissions of VW vehicles, the actual VW and Bosch philosophy with respect to legal

2  compliance, actual VW and Bosch practices, the VW brand value, and VW vehicle values.

3      47.    Having volunteered to provide information to Plaintiffs, Defendants had a duty

4  to disclose the entire truth. All of the facts omitted and concealed by VW and Bosch were

5  material because they affected the value of Plaintiffs' VW vehicles and forced Plaintiffs to

6  unwittingly and unwillingly contribute to unlawful and excessive NOx and/or COx emissions.

7      48.    Defendants actively concealed and/or suppressed these material facts, in whole

8  or in part, to expand and protect their profits, and to avoid the perception that VW vehicles

9  did not or could not comply with federal and state laws governing clean air and emissions,

10  which perception would damage the Defendants' brand image and cost Defendants money.

11  Defendants concealed these material facts at the expense of Plaintiffs.

12      49.    On information and belief, Defendants still have not made full and adequate

13  disclosures and continue to defraud Plaintiffs by concealing material information regarding

14  Defendants' systematic emissions deception and Plaintiffs' corresponding damages.

15      50.    Plaintiffs were unaware of the omitted material facts referenced herein, and they

16  would not have acted as they did if they had known of the concealed and suppressed facts, in

17  that they would not have purchased VW vehicles, would not have supported a heavily-

18  polluting brand, would not have over-paid for their VW vehicles, would not have lost value in

19  their VW vehicles, and/or would have taken other steps in light of the information concealed

20  from them. Plaintiffs' actions were entirely justified. Defendants were in exclusive control of

21  the material facts, and such facts were not known to Plaintiffs.

22      51.    As a result of Defendants' concealment and suppression of the facts, and failure

23

Complaint and Request for Jury Trial
Page 9 of 29



**PAUL WARREN LAW, PLLC**
Paul Warren and Elinor Swanson
490 N. 31st St., Ste. 101
Billings, MT 59101
(406) 294-2300

to timely disclose those facts, Plaintiffs have sustained damages because they own diesel VW vehicles that are diminished in value and because they were unwitting and unwilling contributors to illegal and excessive NOx and/or COx emissions. Had Plaintiffs been aware of Defendants' deceptive corporate policies, emissions deceptions, or callous disregard for legal compliance, they would have paid less to purchase their VW vehicles or would not have purchased them at all.

52.    The value of Plaintiffs' vehicles has diminished as a result of Defendants' fraudulent concealment of the VW emissions deception, as it has greatly tarnished the VW and Bosch brand name attached to Plaintiffs' vehicles, and made any reasonable consumer reluctant to purchase any VW vehicle or to pay what otherwise would have been fair market value.

53.    Accordingly, Defendants are liable to Plaintiffs for damages in an amount to be proven at trial.

54.    Defendants' acts were done wantonly, maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' rights and the representations that VW made to them. These malicious acts were performed solely in order to enrich Defendants. Such egregious conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, to be determined upon evidence submitted at trial.

55.    Plaintiffs plead fraudulent concealment pursuant to the law of Montana based on the residences at pertinent times of Plaintiffs.

56.    As necessary, and in the alternative, Plaintiffs plead fraudulent concealment

PAUL WARREN LAW, PLLC
Paul Warren and Elinor Swanson
490 N. 31st St., Ste. 101
Billings, MT 59101
(406) 294-2300

1    pursuant to the law of New Jersey, where Defendants' subsidiaries are incorporated.

2    <u>COUNT II – BREACH OF CONTRACT PURSUANT TO MONTANA LAW</u>

3    57.    Plaintiffs reallege and incorporate by reference all preceding statements and

4    allegations as though fully set forth herein.

5    58.    Absent Defendants' misrepresentations and omissions, Plaintiffs would not have

6    purchased their VW vehicles, would have paid substantially less for those vehicles, and/or

7    would currently have higher-valued vehicles.   Accordingly, Plaintiffs did not receive the

8    benefit of their bargains and/or have lost economic value in their VW vehicles.

9    59.    Each and every sale of a VW vehicle by VW or a VW affiliate or subsidiary

10   constitutes a contract between VW and the purchaser.   VW breached these contracts by

11   selling Plaintiffs VW vehicles while misrepresenting or failing to disclose that their VW

12   vehicles were fraudulently defective.   VW knew or had reason to know that Plaintiffs' VW

13   vehicles would lose value when Defendants' misrepresentations and omissions came to light.

14   60.    As a direct and proximate result of VW's breach of contract, Plaintiffs have

15   been damaged in an amount to be proven at trial, which shall include, but is not limited to, all

16   compensatory damages, incidental and consequential damages, and all other damages allowed

17   by law.

18   61.    Pursuant   to   Mont.   Code   Ann.   §   30-2-721,   remedies   for   material

19   misrepresentation or fraud include all remedies available under law for nonfraudulent breach.

20   Neither rescission or a claim for rescission of the contract for sale nor rejection or return of

21   the goods shall bar or be deemed inconsistent with a claim for damages or other remedy.

22   / /

23

Complaint and Request for Jury Trial
Page 11 of 29



**PAUL WARREN LAW, PLLC**
Paul Warren and Elinor Swanson
490 N. 31st St., Ste. 101
Billings, MT 59101
(406) 294-2300

<u>COUNT III – BREACH OF EXPRESS WARRANTY PURSUANT TO MONTANA LAW</u>

62.     Plaintiffs reallege and incorporate by reference all preceding statements and allegations as though fully set forth herein.

63.     Defendants made numerous representations, descriptions, and promises to Plaintiffs regarding the performance and emission controls of their diesel vehicles.

64.     Defendants knew or should have known that their representations, descriptions, and promises were false.  Defendants were well-aware that they had installed defeat devices in the vehicles sold to Plaintiffs.

65.     Plaintiffs reasonably relied on Defendants' representations in purchasing "clean" diesel vehicles.  Those vehicles, however, did not perform as was warranted.  Unbeknownst to Plaintiffs, those vehicles included devices that caused their emission reduction systems to perform at levels worse than advertised.  Those devices are defects.  Accordingly, Defendants breached their express warranty by providing a product containing defects that were not disclosed to the Plaintiffs.

66.     As a direct and proximate result of Defendants' false and misleading representations and warranties, Plaintiffs suffered significant damages and seek the relief described below.

<u>COUNT IV – BREACH OF IMPLIED WARRANTY PURSUANT TO MONTANA LAW</u>

67.     Plaintiffs reallege and incorporate by reference all preceding statements and allegations as though fully set forth herein.

68.     Defendants made numerous representations, descriptions, and promises to Plaintiffs regarding the functionality of the "clean" diesel technology in VW vehicles.

**PAUL WARREN LAW, PLLC**
Paul Warren and Elinor Swanson
490 N. 31st St., Ste. 101
Billings, MT 59101
(406) 294-2300

69.    Plaintiffs reasonably relied on Defendants' representations in purchasing their diesel VW vehicles.

70.    Defendants knew that their representations, descriptions, and promises regarding VW diesel engines were false.

71.    When Plaintiffs purchased VW's diesel vehicles, those vehicles did not conform to the promises or affirmations of fact made in Defendants' promotional materials, including that the vehicles were designed to meet the most demanding environmental standards. Instead, as alleged herein, those vehicles were designed to cheat those standards, and the VW diesel vehicles emitted far higher levels of pollution than promised.

72.    The VW diesel vehicles failed to conform to Defendants' implied warranty regarding their functionality.

73.    As a direct and proximate result of Defendants' false and misleading representations and warranties, Plaintiffs suffered significant injury.

COUNT V – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

PURSUANT TO MONTANA LAW

74.    Plaintiffs reallege and incorporate by reference all preceding statements and allegations as though fully set forth herein.

75.    Defendants are and were at all relevant times "merchants" with respect to motor vehicles and/or the defeat device within the meaning of Montana law.

76.    A warranty that the VW diesel vehicles were merchantable was implied in the contract for their sale. Mont. Code Ann. § 30-2-314(1).

77.    VW diesel vehicles, when sold and at all times thereafter, were not merchantable

Complaint and Request for Jury Trial
Page 13 of 29

1  or fit for the ordinary purpose for which cars are used.

2      78.    VW diesel vehicles are inherently dangerous in that they emit up to forty (40)

3  times more noxious fumes into the air than is permissible under federal and state emissions

4  laws and regulations.

5      79.    VW diesel vehicles would not pass without objection in the trade under the

6  contract description. Mont. Code Ann. § 30-2-314(2)(a).

7      80.    VW diesel vehicles did not conform to the promises or affirmations of fact made

8  on their labels. Mont. Code Ann. § 30-2-314(2)(f).

9      81.    Other implied warranties arose from the course of dealing and usage of trade,

10 including that VW diesel vehicles met federal and state emissions laws and regulations. Mont.

11 Code Ann. § 30-2-314(3).

12     82.    As a direct and proximate result of Defendants' breach of the warranties of

13 merchantability and fitness for a particular purpose, Plaintiffs have been damaged and have

14 suffered losses.

15 <u>COUNT VI – VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT</u>

16     83.    Plaintiffs reallege and incorporate by reference all preceding statements and

17 allegations as though fully set forth herein.

18     84.    VW diesel vehicles and the defeat device are "consumer products." 15 U.S.C. §

19 2301(1).

20     85.    Plaintiffs are "consumers." 15 U.S.C. § 2301(3).

21     86.    Defendants are "warrantors" and "suppliers" as defined in 15 U.S.C. §§ 2301(4)

22 and (5), respectively.

23

Complaint and Request for Jury Trial
Page 14 of 29

**PAUL WARREN LAW, PLLC**
Paul Warren and Elinor Swanson
490 N. 31st St., Ste. 101
Billings, MT 59101
(406) 294-2300

87.    Plaintiffs have a cause of action as consumers who have been damaged by the failure of Defendant warrantors to comply with an implied warranty. 15 U.S.C. § 2310(d)(I).

88.    Defendants provided Plaintiffs with "implied warranties," as described. 15 U.S.C. § 2301(7).

89.    Defendants have breached those implied warranties by knowingly providing Plaintiffs with defective VW diesel vehicles.

90.    By Defendants' conduct as described, including knowledge of defects inherent in VW diesel vehicles and action and inaction in the face of that knowledge, Defendants failed to comply with obligations under written and implied promises, warranties, and representations.

91.    In their capacity as warrantors, and by the conduct described, any attempts by Defendants to limit the implied warranties in a manner that would exclude coverage of the defective software and systems is unconscionable and any such effort to disclaim or otherwise limit liability for the defective software and supporting systems is null and void.

92.    Plaintiffs are in privity with VW, in turn in privity with Bosch, because Plaintiffs purchased the defeat device software from VW or its agents, and VW purchased the defeat device software from Bosch or its agents.

93.    As a result of Defendants' breach of implied warranties, Plaintiffs are entitled to revoke acceptance of their vehicles, obtain damages and equitable relief, and obtain costs. 15 U.S.C. § 2310.

COUNT VII – UNJUST ENRICHMENT PURSUANT TO MONTANA LAW

94.    Plaintiffs reallege and incorporate by reference all preceding statements and

Complaint and Request for Jury Trial
Page 15 of 29

**PAUL WARREN LAW, PLLC**
Paul Warren and Elinor Swanson
490 N. 31st St., Ste. 101
Billings, MT 59101
(406) 294-2300

allegations as though fully set forth herein.

95.  Under Montana law, described in *Sebena v. State*, 267 Mont. 359 (1994), Plaintiffs have established a *prima facie* case under the equitable doctrine of unjust enrichment.

96.  Plaintiffs have shown misconduct and/or fault on the part of the Defendants. *Id.*, at 367.

97.  Plaintiffs have shown that Defendants took advantage of Plaintiffs. *Id.*

98.  Plaintiffs conferred benefits on Defendants by purchasing and using VW vehicles.

99.  Defendants have retained the benefits that Plaintiffs conferred on them, and know of and appreciate those benefits.

100.  Defendants were and continue to be unjustly enriched at the expense of Plaintiffs. Defendants should be required to disgorge this unjust enrichment.

101.  Due to Defendants' unjust enrichment, Plaintiffs are entitled to restitution by virtue of the theory of *quantum meruit*.

COUNT VIII – NEGLIGENCE PURSUANT TO MONTANA LAW

102.  Plaintiffs reallege and incorporate by reference all preceding statements and allegations as though fully set forth herein.

103.  Under Montana law, each Defendant was and is responsible not only for the results of their willful acts, but also for the injury occasioned to Plaintiffs by the Defendant's want of ordinary care or skill in the management of Defendants' property. Mont. Code Ann. § 27-1-701.

104.  Defendants had a duty to conform their conduct to specific standards, including

Complaint and Request for Jury Trial
Page 16 of 29

**PAUL WARREN LAW, PLLC**
Paul Warren and Elinor Swanson
490 N. 31st St., Ste. 101
Billings, MT 59101
(406) 294-2300

1   those defined by federal and state laws and regulations.

2      105.   Defendants' conduct failed to conform to the appropriate standards, including

3   those defined by federal and state laws and regulations, and Defendants thereby breached their

4   duty to conform their conduct to those standards.

5      106.   Defendants' substandard conduct was a cause-in-fact of Plaintiffs' injuries,

6   because but-for the use of the defeat device, there would be no associated scandal, reduced

7   trust, lack of legal compliance, and other factors reducing the value of Plaintiffs' VW vehicles.

8      107.   Defendants' substandard conduct was a legal cause of Plaintiffs' injuries,

9   because it was foreseeable that Plaintiffs would suffer losses as a result of Defendants' illegal

10   misconduct and related publicity, and following the discovery that Plaintiffs' VW vehicles emit

11   unlawfully high quantities of pollutants and toxins into the atmosphere.

12      108.   Plaintiffs have sustained, and continue to sustain, actual damages as a result of

13   Defendants' substandard conduct.

14      <u>COUNT IX – DECEIT PURSUANT TO MONTANA LAW</u>

15      109.   Plaintiffs reallege and incorporate by reference all preceding statements and

16   allegations as though fully set forth herein.

17      110.   Defendants suggested as fact that which was not true, and which Defendants did

18   not believe to be true. Mont. Code Ann. § 27-1-712(2)(a).

19      111.   Defendants suggested and continue to suggest as fact that which is not true, and

20   which Defendants did not and do not believe to be true. Mont. Code Ann. § 27-1-712(2)(a).

21      112.   Defendant asserted and continue to assert as fact that which was not and is not

22   true, and which Defendants did not and do not have reasonable ground for believing to be true.

23

Complaint and Request for Jury Trial
Page 17 of 29



**PAUL WARREN LAW, PLLC**
Paul Warren and Elinor Swanson
490 N. 31st St., Ste. 101
Billings, MT 59101
(406) 294-2300

1   Mont. Code Ann. § 27-1-712(2)(b).

2       113.    Defendants suppressed, and continue to suppress, facts that they were and are

3   bound to disclose, and gave, and continue to give, information of other facts likely to mislead

4   for want of communication of those facts. Mont. Code Ann. § 27-1-712(2)(c).

5       114.    Defendants promised, and continue to promise, delivery of an environmentally-

6   friendly VW diesel vehicle, and company-wide compliance with environmentally-sound

7   values, without any intention of performing those promises. Mont. Code Ann. § 27-1-

8   712(2)(d).

9       115.    Defendants practiced, and continue to practice, a deceit with the intent to

10  defraud the public and the Plaintiffs and every other purchaser of an affected VW vehicle, are

11  considered to have intended, and to intend, to defraud every Plaintiff and other affected VW

12  vehicle owner who was or is actually misled by the deceit. Mont. Code Ann. § 27-1-712(3).

13      116.    Defendants continue to practice a deceit with the intent to defraud the public and

14  are considered to intend to defraud every Plaintiff who is actually misled by the deceit. Mont.

15  Code Ann. § 27-1-712(3).

16      117.    Defendants willfully deceived Plaintiffs with intent to induce an alteration in

17  Plaintiffs' position to Plaintiffs' injury and risk, and Defendants are liable for any damage that

18  Plaintiffs have suffered or suffer in the future as a result of that willful deceit. Mont. Code Ann.

19  § 27-1-712(1).

20      COUNT X – VIOLATION OF MONTANA UNFAIR TRADE PRACTICES AND

21      CONSUMER PROTECTION ACT OF 1973

22      118.    Plaintiffs reallege and incorporate by reference all preceding statements and

23

Complaint and Request for Jury Trial
Page 18 of 29



**PAUL WARREN LAW, PLLC**
Paul Warren and Elinor Swanson
490 N. 31st St., Ste. 101
Billings, MT 59101
(406) 294-2300

allegations as though fully set forth herein.

119.    Plaintiffs are "consumers" within the meaning of the Montana Unfair Trade Practices and Consumer Protection Act of 1973 ("Montana CPA"), because they are persons who have purchased goods primarily for personal, family, or household purposes. Mont. Code Ann. § 30-14-102(1).

120.    Plaintiffs and Defendants are "persons" within the meaning of Mont. Code Ann. § 30-14-102(6).

121.    The sale of diesel VW vehicles to Plaintiffs occurred within "trade and commerce" within the meaning of Mont. Code Ann. § 30-14-102(8), and Defendants committed deceptive and unfair acts in the conduct of "trade and commerce" as defined in that statutory section.

122.    The Montana CPA makes unlawful "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Mont. Code Ann. § 30-14-103.

123.    By fraudulently misrepresenting compliance with federal and state regulations and laws regarding vehicle NOx and/or COx emissions, including by installing the defeat device in Plaintiffs' diesel VW vehicles, Defendants engaged in unfair and deceptive acts or practices in violation of the Montana CPA.

124.    In the course of its business, Defendants deceitfully concealed Plaintiffs' VW vehicle emissions, and otherwise engaged in activities with a tendency or capacity to deceive.

125.    Defendants also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission

Complaint and Request for Jury Trial
Page 19 of 29



**PAUL WARREN LAW, PLLC**
Paul Warren and Elinor Swanson
490 N. 31st St., Ste. 101
Billings, MT 59101
(406) 294-2300

of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with marketing and sale of affected VW diesel vehicles.

126.   Defendants knew about legally noncomplying VW vehicles, the use of the defeat device, and/or the true nature of the Clean Diesel engine system for many years (likely since 2007), but concealed that information.

127.   Defendants engaged in unfair and deceptive business practices in violation of the Montana CPA by failing to disclose and by actively concealing the defeat device and the true performance of the Clean Diesel engine system, such as by marketing those vehicles as safe, environmentally clean, efficient, and of high quality, and by presenting themselves as reputable manufacturers that value public health and environmentalism.

128.   Defendants engaged in unfair and deceptive business practices in violation of the Montana CPA when they published and disseminated advertisements despite having knowledge, or reason to know, of the false, misleading, and/or deceptive character of those advertisements. Mont. Code Ann. § 30-14-105.

129.   Defendants' unfair methods of competition and unfair and/or deceptive acts and/or practices in the conduct of Defendants' trade or commerce were, and are, unlawful. Mont. Code Ann. § 30-14-103.

130.   Defendants' unfair and deceptive acts and practices were likely to and did in fact deceive reasonable consumers, including Plaintiffs, about the true cleanliness and efficiency of their VW vehicles, the quality of Defendants' brands, Defendants' devaluing of environmental cleanliness and integrity, and the true value of affected diesel VW vehicles.

131.   Defendants intentionally and knowingly misrepresented material facts regarding

PAUL WARREN LAW, PLLC
Paul Warren and Elinor Swanson
490 N. 31st St., Ste. 101
Billings, MT 59101
(406) 294-2300

1    Defendants' brands with an intent to mislead Plaintiffs.

2       132.   Defendants knew or should have known their conduct violated the Montana

3    CPA.

4       133.   Defendants owed Plaintiffs a duty to disclose the true safety, environmental

5    cleanliness, efficiency, and value of their affected diesel VW vehicles.

6       134.   A vehicle made by a reputable manufacturer of environmentally friendly

7    vehicles is worth more than an otherwise comparable vehicles made by a disreputable and

8    dishonest manufacturer.

9       135.   Defendants' unlawful practices and resulting negative publicity have caused

10    Plaintiffs' VW diesel vehicle values to decline.

11       136.   Plaintiffs suffered ascertainable losses caused by Defendants'

12    misrepresentations and concealment of and failure to disclose material information.

13       137.   Had they known about Defendants' defeat devices, Plaintiffs would have paid

14    less for their vehicles or would not have purchased them at all.

15       138.   Defendants had an ongoing duty to all of Defendants' customers and purchasers,

16    including Plaintiffs, to refrain from unfair and deceptive acts or practices under the Montana

17    CPA.

18       139.   Defendants' violations present a continuing risk to Plaintiffs and to the general

19    public, and affect the public interest.

20       140.   As a direct and proximate result of Defendants' violations of the Montana CPA,

21    Plaintiffs have suffered injury-in-fact and/or actual damage.

22       141.   As consumers who suffered and continue to suffer ascertainable losses as a

23

PAUL WARREN LAW, PLLC
Paul Warren and Elinor Swanson
490 N. 31st St., Ste. 101
Billings, MT 59101
(406) 294-2300

1   result of Defendants' unlawful methods, acts, and/or practices, Plaintiffs bring this action in the

2   district court of Yellowstone County, where Defendants are doing business, to recover actual

3   damages or $500, whichever is greater.

4       142.   The court may, in its discretion, award up to three times the actual damages

5   sustained and may provide any other equitable relief that it considers necessary or proper.

6   Mont. Code Ann. § 30-14-133(1).

7       143.   The court may, in its discretion, award the prevailing party reasonable attorney

8   fees incurred in prosecuting or defending the action. Mont. Code Ann. § 30-14-133(3).

9       144.   As consumers who suffered and continue to suffer ascertainable losses as a

10   result of Defendants' unlawful methods, acts, and/or practices, Plaintiffs further seek to recover

11   discretionary treble damages, reasonable attorneys' fees, and any other relief the Court deems

12   necessary or proper, under Mont. Code Ann. § 30-14-133.

13   COUNT XI – VIOLATIONS OF THE RACKETEER INFLUENCED AND CORRUPT

14   ORGANIZATIONS ACT ("RICO")

15       145.   Plaintiffs herein reallege and incorporate by reference all preceding statements

16   and allegations as though fully set forth herein.

17       146.   Defendants are all "persons" under 18 U.S.C. § 1961(3).

18       147.   Defendants violated 18 U.S.C. § 1962(c) by participating in or conducting the

19   affairs of the RICO Enterprise through a pattern of repeatedly defrauding consumers. The

20   methodology of the fraud is set forth above and as described in this Count. The persons

21   participating in the Enterprise and their respective roles in the Enterprise are set forth below.

22       148.   VW and Bosch are RICO co-conspirators. The Bosch-VW conspiracy

23

Complaint and Request for Jury Trial
Page 22 of 29

PAUL WARREN LAW, PLLC
Paul Warren and Elinor Swanson
490 N. 31st St., Ste. 101
Billings, MT 59101
(406) 294-2300

1  undertook a fraudulent scheme to avoid $NO_x$ and/or $CO_x$ emissions quality controls in VW

2  vehicles sold in the United States and elsewhere, with false and misleading statements and

3  omissions relating to those emissions through the use of the U.S. Mails, and interstate and

4  international wire, radio, and television transmissions.

5      149.   At all relevant times and as described above, Defendants carried out their

6  scheme to defraud Plaintiffs in connection with the conduct of an "Enterprise" within the

7  meaning of 18 U.S.C. § 1961(4).

8      150.   The Enterprise consisted of all Defendants, who constitute an "association-in-

9  fact enterprise" within the meaning of RICO.

10      151.   Enterprise activities affected interstate and foreign commerce, is an association-

11  in-fact of individuals and corporate entities within the meaning of 18 U.S.C. § 1961(4) and

12  consists of persons associated together for the common purpose of artificially increasing VW

13  vehicle and brand valuation by selling vehicles outfitted with unlawful devices and/or

14  software that the members of the Enterprise knew could not provide the promised results to

15  consumers.

16      152.   The Enterprise was formed in 2006 or earlier and continues to this day.

17      153.   The Enterprise engaged in a pattern of racketeering activity by fraudulently

18  misrepresenting VW vehicle and brand valuation with illegal misconduct, collecting tens of

19  billions of dollars of illicit profits as a result.

20      154.   The Enterprise is separate and distinct from the pattern of racketeering activity.

21  The Enterprise is an ongoing organization or group and exists to advance the interests of the

22  individual entities that comprise its membership. Enterprise members all served the common

23

**PAUL WARREN LAW, PLLC**
Paul Warren and Elinor Swanson
490 N. 31st St., Ste. 101
Billings, MT 59101
(406) 294-2300

purpose of fraudulently misrepresenting the value of VW stock, brand, and vehicles. Each Enterprise member benefited from the common purpose: selling VW vehicles and Bosch devices and/or software for more than the fair market value or that would not otherwise have been sold, had VW's affected vehicles been truthfully advertised, marketed, and labeled.

155.    The Enterprise also exists for the legitimate purpose of selling vehicles that do not evade emissions standards. The Enterprise operates within a framework that includes the sale of consumer goods that are not, in and of themselves, fraudulent in nature. Each Enterprise member performs a role in the Enterprise consistent with that framework and structure that furthers the activities of the Enterprise in connection with the Enterprise members' sale legally compliant VW vehicles to consumers.

156.    Throughout this scheme, Defendants and others agreed to utilize the false and misleading representations and omissions relating to the affected vehicles in a conscious and deliberate effort to sell VW vehicles and hide the true value of those vehicles. Defendants sold VW vehicles and products with fraudulent efficacy claims at a premium price that, in fact, provided no benefit to the purchaser of those vehicles and products, and had significantly less value than consumers paid.

157.    Bosch and Volkswagen knowingly participated in the formulation and manufacture of fraudulent device/s and/or software, as well as the false marketing materials used to sell and falsely value the VW brand and VW vehicles.

158.    At all times relevant to this case, Defendants were all willing and deliberate participants in the Enterprise.

159.    The Enterprise was, at all relevant times, a continuing unit functioning with a

**PAUL WARREN LAW, PLLC**
Paul Warren and Elinor Swanson
490 N. 31st St., Ste. 101
Billings, MT 59101
(406) 294-2300

common purpose of selling affected vehicles and fraudulently misrepresenting the value of the VW brand and VW vehicles in order to increase the sale of VW vehicles and thereby increase Defendants' profits.

160.   In furtherance of the scheme, VW, facilitated by and in concert with Bosch, engaged in thousands of acts of mail fraud and wire fraud, each of which constitute "racketeering activity," as that term is defined in 18 U.S.C. § 1961(1).

161.   Those acts of mail fraud and wire fraud include distributing the false and misleading marketing materials via mail, television, radio, and the Internet to members of the public as well as communicating among themselves with respect to the scheme via interstate and international email and telephone with the common purpose of fraudulently misrepresenting the VW brand and VW vehicles.

162.   In addition to the foregoing, each download or view of one of VW's advertisements and videos on the Internet constituted a separate offense of wire fraud.

163.   As a result of the foregoing, Plaintiffs have been injured in their business and/or property, and Plaintiffs' losses are a direct result of the predicate acts described above. Defendants' numerous false and misleading statements (and marketing and advertisements containing omissions) sent via the U.S. mail and interstate wires were directed to Plaintiffs, and were relied on by the public, including Plaintiffs. Plaintiffs would not have incurred losses but for the predicate acts described above.

164.   Plaintiffs' property has been injured by reason of Defendants' violation of 18 U.S.C. § 1962, and thus Plaintiffs may bring suit. 18 U.S.C. § 1964(c).

165.   Plaintiffs shall recover threefold the damages sustained and the costs of suit,

Complaint and Request for Jury Trial
Page 25 of 29



**PAUL WARREN LAW, PLLC**
Paul Warren and Elinor Swanson
490 N. 31st St., Ste. 101
Billings, MT 59101
(406) 294-2300

1    including a reasonable attorney's fee.  18 U.S.C. § 1964(c).

2                                    <u>DAMAGES</u>

3           166.    Plaintiffs reallege and incorporate by reference all preceding statements and

4    allegations as though fully set forth herein.

5           167.    The actions of Defendants as described herein caused harms and losses to

6    Plaintiffs, and continue to cause harms and losses to Plaintiffs.

7           168.    Defendants are jointly and severally liable for the harms and losses they have

8    caused to Plaintiffs. Mont. Code Ann. §§ 27-1-703 and 27-1-705.

9           169.    Plaintiffs seek damages and equitable relief for the conduct of Defendants

10   related to unlawful VW emissions, as alleged in this Complaint.

11          170.    The harms and losses include, but are not limited to:

12            a.   The premium that Plaintiffs paid for their diesel VW vehicles as a result of the

13                 artificially inflated value of the VW "CleanDiesel" technology;

14            b.   The diminution in value of Plaintiffs' VW vehicles as a result of Defendants'

15                 misconduct, including the loss of consumer trust in the VW brand;

16            c.   General harms and losses as may be deemed just and proper in accordance with

17                 the proof;

18            d.   All damages, harms, and losses allowed under federal and state laws, including

19                 the laws of Montana and New Jersey; and

20            e.   Such other and further relief as the Court deems just and proper.

21          171.    Plaintiffs seek punitive damages for the sake of example and/or for the purpose

22   of punishing Defendants. Mont. Code Ann. § 27-1-220.

23

Complaint and Request for Jury Trial
Page 26 of 29

**PAUL WARREN LAW, PLLC**
Paul Warren and Elinor Swanson
490 N. 31st St., Ste. 101
Billings, MT 59101
(406) 294-2300

172. Defendants should pay punitive damages because they are guilty of actual malice. Defendants are guilty of actual malice pursuant to Mont. Code Ann. § 27-1-221 because:

    a. Defendants had knowledge of facts or intentionally disregarded facts that created a high probability of injury to Plaintiffs, Mont. Code Ann. § 27-1-221(2);

    b. Defendants deliberately proceeded to act in conscious or intentional disregard of the high probability of injury to the Plaintiffs, Mont. Code Ann. § 27-1-221(2)(a); and

    c. Defendants deliberately proceeded to act with indifference to the high probability of injury to the Plaintiffs, Mont. Code Ann. § 27-1-221(2)(b).

173. Defendants should pay punitive damages because they are guilty of actual fraud. Defendants are guilty of actual fraud pursuant to Mont. Code Ann. § 27-1-221 because:

    a. Defendants made a representation with the knowledge of its falsity, Mont. Code Ann. § 27-1-221(3)(a);

    b. Defendants concealed a material fact with the purpose of depriving the Plaintiffs of property and otherwise causing injury, Mont. Code Ann. § 27-1-221(3)(b);

    c. Plaintiffs had a right to rely upon the Defendants' representations and suffered injury as a result of that reliance, Mont. Code Ann. § 27-1-221(4).

174. Plaintiffs seek the costs of this suit, including reasonable attorneys' fees.

175. Plaintiffs reserve the right to reevaluate the amount in controversy at a future

Complaint and Request for Jury Trial
Page 27 of 29



**PAUL WARREN LAW, PLLC**
Paul Warren and Elinor Swanson
490 N. 31st St., Ste. 101
Billings, MT 59101
(406) 294-2300

1  date upon additional knowledge and information

2  <u>REQUEST FOR JURY TRIAL</u>

3  Plaintiff requests a trial by jury as to all issues so triable.

4  Dated this 5th day of May, 2016.

5  PAUL WARREN LAW, PLLC

6

7  By: _____
         Elinor Swanson, Esq.

8

9  PAUL WARREN LAW, PLLC
   Paul Warren, paul@paulwarrenlaw.com
   Elinor Swanson, ellie@paulwarrenlaw.com
10  490 N. 31 St., Suite 101
    Billings, Montana 59101
11  Telephone: (406) 294-2300

12  MOYERS LAW P.C.
    Jon Moyers, jon@jmoyerslaw.com
13  490 N. 31st Street, Suite 101
    Billings, MT 59101
14  Telephone: (406) 655-4900
    Fax: (406) 655-4905
15  *Attorneys for Plaintiffs*

16

17

18

19

20

21

22

23



PAUL WARREN LAW, PLLC
Paul Warren and Elinor Swanson
490 N. 31st St., Ste. 101
Billings, MT 59101
(406) 294-2300

1

<u>CERTIFICATE OF SERVICE</u>

2      I hereby certify that on this 5th day of May, 2016, a copy of the foregoing was served

3  by first class mail upon the following:

4      FEINBERG ROZEN, LLP
       Kenneth Feinberg
5      The Willard Office Building
       1455 Pennsylvania Avenue, NW Suite 390
6      Washington, DC 20004-1008
       (202) 371-1110
7      *Attorney for VW-Affiliated Defendants*

8      Bosch Legal Counsel
       c/o ROBERT BOSCH, LLC
9      Corporate Headquarters
       38000 Hills Tech Drive
10     Farmington Hills, MI 48331
       *Attorney for Bosch-Affiliated Defendants*

11

12                              PAUL WARREN LAW, PLLC

13

14                         By: _____
                                Elinor Swanson, Esq.
15
                           PAUL WARREN LAW, PLLC
16                         Paul Warren, paul@paulwarrenlaw.com
                           Elinor Swanson, ellie@paulwarrenlaw.com
17                         490 N. 31 St., Suite 101
                           Billings, Montana 59101
18                         Telephone:  (406) 294-2300

19                         MOYERS LAW P.C.
                           Jon Moyers, jon@jmoyerslaw.com
20                         490 N. 31st Street, Suite 101
                           Billings, MT 59101
21                         Telephone: (406) 655-4900
                           Fax: (406) 655-4905
22                         *Attorneys for Plaintiffs*

23

Complaint and Request for Jury Trial          PAUL WARREN LAW, PLLC
Page 29 of 29                                                     Paul Warren and Elinor Swanson
                                                                 490 N. 31st St., Ste. 101
                                                                 Billings, MT 59101
                                                                 (406) 294-2300